CHARLES G. FARMER, plaintiff in error, *vs.* JOHN B. PERRY, defendant in error.

A judgment will not be set aside for absence of defendant's counsel by leave of Court, and an announcement by the Court that none of the counsel's cases will be tried, except by consent, where it does not distinctly appear that such counsel was regularly retained in the case, he himself not being able to swear to it, and it does appear that the partner of the counsel, who was such at the time of the alleged retainer, is in Court and states that he knows of no defense, and it further appears that there is no counsel of record, that no plea is filed, and that there is a judgment by default which has not been opened.

Attorney and client. Leave of absence. Judgment by default. Before Judge HARRELL. Terrell Superior Court. November Adjourned Term, 1871.

John B. Perry brought complaint against B. F. Todd and J. H. Pickett, principals, and Charles G. Farmer, security, to the May Term, 1871, of Terrell Superior Court, on a promissory note dated June 15th, 1870, due the first of November next thereafter, for the sum of $576 78. On December 4th, 1871, the Court rendered a judgment for the plaintiff, there having been no issuable defense filed under oath. Subsequently, the defendant, Farmer, moved to set said judgment aside upon the following grounds, to-wit:

1st. Because he has a legal defense to said note in part, to-wit : $147 92, said sum being for usury.

2d. Because he had spoken to L. C. Hoyle, Esq., an attorney of said Court, to represent him ; that said Hoyle was absent, by leave, during the term at which the judgment was rendered ; that he was present in Court, and heard the announcement that none of said Hoyle's cases would be tried, except by consent, which caused defendant to give no further attention to the case; that said Hoyle was the only attorney upon whom he relied.

3d. Because, in December, 1870, said plaintiff caused an execution to issue for the amount of said note with interest, against the crop and stock of defendant, predicated upon affidavit made by said plaintiff under the statute of this State, authorizing the foreclosure of liens for provisions, etc., and an affidavit of illegality was filed thereto, which was pending at the November Term, 1871, and said proceeding was not dismissed until plaintiff was ready to take his judgment on said note, and did so, with his judgment previously obtained still open, as it is to this date.

4th. Because said case was not placed on the calendar of cases for trial at the November Term, 1871, or at least if such was the case it does not so appear.

The grounds of the aforesaid motion were sworn to by the defendant and were supported by affidavits of L. C. Hoyle, B. F. Todd and R. F. Simmons.

Hoyle swore that he was a practicing attorney in Terrell

Superior Court; that he was employed by Charles G. Farmer, to defend the foreclosure of a provision lien, and filed his affidavit of illegality for him; that said case was dismissed by plaintiff at November Term, 1871; that he cannot swear positively that he was employed to defend the suit commenced at common law on the note, but the relationship between Farmer and himself was such that he would have represented the case, had he been in Court; that when employed to defend the proceeding by lien, affiant and Wooten were partners under the firm name of Wooten & Hoyle; that he does not remember to have mentioned the matter to Wooten, nor has he any recollection of having filed any plea.

The affidavit of Todd simply proves the usury.

The affidavit of Simmons shows that leave of absence had been granted to L. C. Hoyle and so announced by the Court; that if Hoyle's name had been marked on the docket to the case he would have represented him.

The motion was overruled by the Court and plaintiff in error excepted, and now assigns said ruling as error.

The Court attached to the bill of exceptions a note to the following effect: "F. M. Harper, the counsel for plaintiff, stated in his place, that the case referred to by defendant as having been defended by illegality, was regularly called in its order during the first week of Court, and passed on account of Colonel C. B. Wooten's absence at Albany, the name of Wooten & Hoyle being marked to said case for defendants; that after Wooten returned it was again called, and on motion of plaintiff's counsel was stricken from the docket; that Colonel Wooten, when the common law case was called, stated that he knew of no defense; that there was no plea filed to it, and no counsel marked thereto; that judgment by default had been taken at the appearance term and the default had never been opened; all of which facts were in the knowledge of the Court, and that said case upon which the judgment was founded, was regularly called in its order upon the calender. The calender or Judge's docket shows that no counsel was marked for defendant. The Court, upon

this state of facts, especially as Mr. Hoyle was not able to state that he was employed in the case, the defendant not swearing that he was, overruled the motion and refused to set the judgment aside."

HOYLE & SIMMONS, for plaintiff in error.   Leave of absence to counsel dispenses with the discharge of every professional duty : 25 Ga. R., 158; 36 *Ib.* 54.

F. M. HARPER; CLARK & GOSS, for defendant.

MONTGOMERY, Judge.

The brief of plaintiff in error insists upon the first two only of the four grounds of alleged error set forth in the record.

As to the first, it is only necessary to say that however good a defense a party may have to a suit, it is worth nothing if by his own *laches* he permits the proper time for pleading it to pass without availing himself of it.

1. A continuance will be granted on account of the absence of leading counsel by leave of Court: 36 *Ga.* 54 ; But when a case has gone to judgment and a new trial is moved for on the above ground, it must distinctly appear that the absent counsel was retained, and not merely "spoken to," by the client, or by his authority express or implied.   If the counsel is unable to swear that he was retained in the case, and his partner, who was such, at the time of the alleged retainer was present when the case was called and stated that he knew of no defense, and it also appears that there is no counsel of record, no plea filed, a judgment by default unopened, it would be but holding out a premium to negligence and a great injustice to the adverse litigant, to grant a new trial under such circumstances.   The affidavit of Mr. Simmons shows that he would have attended to the case had Mr. Hoyle's name been marked on the docket for defendant.   It is hardly probable that Mr. Hoyle would have failed to have his name entered for defendant at the first term, or between that and the term at which the case was disposed of, had he

considered himself retained. At all events, upon the assumption that he was retained, here was negligence for which the opposite party cannot be held responsible, and should not be made to suffer, especially when taken in connection with the other circumstances of the case.

Judgment affirmed.